Mr. Mark A. Sims Little Rock, Arkansas
Dear Mr. Sims:
This is in response to your request, pursuant to A.C.A. §25-19-105(c)(3)(B), for an opinion on whether the decision of the custodian of records for the City of Little Rock[1] to release certain information from your personnel file is consistent with the provisions of the "Arkansas Freedom of Information Act," or ("FOIA"), codified at A.C.A. §§ 25-19-101 — 107 (1987 and Cum. Supp. 1993). Specifically, correspondence attached to your request indicates that two separate requests for records pertaining to your employment with the Little Rock Police Department have been made. The first request has been made by a reporter with the Arkansas Democrat-Gazette and is a request to inspect and copy your "personnel file." The second request is from a reporter at KARK-TV (Channel 4), and this reporter has requested a photograph of you, a copy of your letter of resignation, a listing of any awards, commendations, or reprimands you received during your employment with the City, and the dates of each rank you achieved during your tenure with the Department.
It appears from correspondence attached to your request that the City of Little Rock Office of Personnel has determined, in response to the request for your personnel file from the Arkansas Democrat-Gazette
reporter, that it will release your personnel file, with certain information excised. The City lists as exempt records pertaining to the background investigation conducted by the Department when your were first under consideration for employment, other personnel information such as telephone number, social security number, address, etc., and medical records, and employee evaluation and job performance records.
It also appears, however, that as to the request made by Channel 4, the City Police Department (as evidenced by its correspondence to you) has determined that the photograph, letter of resignation, a listing of awards, commendations or reprimands you received during your employment and the information concerning the various ranks you achieved with the Department are disclosable under the Act. The City has written you a letter stating that "in the absence of a review by the Attorney General's Office, it is anticipated that the file will be release [sic]. . . .
You have asked for an "opinion on whether or not Channel 4 KARK and the Arkansas Democrat Gazette can request or have access to my personnel file with the City of Little Rock, especially a photograph of me." You have indicated that while employed by the Little Rock Police Department, you served in the capacity of an undercover officer, and it is my understanding that your employment with the City continued until last month, when you resigned.
It is my opinion that the decisions of the City of Little Rock (by the Office of Personnel as regards the Democrat-Gazette request, and by the City Police Department as regards the Channel 4 request) are, at least in part, contrary to the provisions of the FOIA.
I must note initially that I have not been provided with the records in question. I cannot therefore make any conclusive determinations with regard to particular records. I can, however, set out the relevant tests to be applied to the release of these records, and come to some general conclusions about their releasability. At the outset, I assume that the records in question are either "personnel records" or "employee evaluation or job performance records," for purposes of the FOIA. "Personnel records" are open and subject to disclosure except to the extent that their release would constitute a "clearly unwarranted invasion of personal privacy." See A.C.A. § 25-19-105(b)(10). A different test applies to "employee evaluation" and "job performance records." These records are generally closed and confidential unless the employee has been suspended or terminated, all administrative appeals from the suspension or termination are final, the records in question formed a basis for the suspension or termination, and there is a compelling public interest in the disclosure of the records. See A.C.A. § 25-19-105(c)(1). These two tests will be relevant, therefore, in analyzing whether these records may be provided under the act to the reporters in question. Also relevant in your particular case, however, are two other exemptions listed in the act. Section 25-19-105(b)(11), which was added in 1993, exempts from disclosure "[t]he identity of law enforcement officers currently working undercover with their agency and identified in the Arkansas Minimum Standards Office as an undercover officer. . . ." Another exception, the one found at A.C.A. § 25-19-105(b)(6) exempts "[u]ndisclosed investigations by law enforcement agencies of suspected criminal activity." This exception has been interpreted to shield investigative information related to "ongoing" investigations. See Martinv. Musteen, 303 Ark. 656, 799 S.W.2d 540 (1990).
I must thus analyze each of four tests to arrive at a conclusion about the legality of the City releasing the records in question — the test for release of personnel records (clearly unwarranted invasion of personal privacy); the test for release of job performance records (suspension or termination, administrative appeals final, records formed a basis for the suspension or termination and a compelling public interest); and the tests for the exemptions pertaining to undercover officers and ongoing law enforcement investigations.
As an initial matter, two things can be concluded. First, it appears that the specific exception for undercover officers is not applicable here. That exception exempts "[t]he identity of law enforcement officerscurrently working undercover. . . ." A.C.A. § 25-19-105(b)(11) (Emphasis added). Because you have resigned your employment, it appears that this exception is not applicable in your case.
Second, it can be concluded from the outset that any "employee evaluation or job performance records" contained in your personnel file or otherwise maintained are not subject to disclosure under the act. Such records are only disclosable in the event of a suspension or termination. A.C.A. §25-19-105(c)(1). According to my information, you resigned from your employment and were neither suspended nor terminated. As such your "employee evaluation" or "job performance records" are not open to the public. This office has previously defined the term "job performance records" to include any record which "details the performance or lack of performance of an employee, within the scope of his employment, regarding a specific incident or incidents. See Op. Att'y. Gen. 93-185. As such, any listing of awards, commendations or reprimands you received during your employment, as requested by Channel 4, will in all likelihood not be subject to disclosure.[2] (Your letter of resignation is in all likelihood not a "job performance record," but rather a "personnel record" which will be analyzed below. See Ops. Att'y Gen. 95-162, 95-167, and 95-169.)
Having stated that such job performance records are not available, the balance of records in question, including a photograph, if any is maintained, would appear to be "personnel records" for purposes of the FOIA.
Under the FOIA, personnel records are exempt from disclosure only to the extent that their disclosure would constitute a "clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(10). In determining what information, if released, would constitute a "clearly unwarranted invasion of personal privacy," the Arkansas Supreme Court has adopted a balancing test. It was stated in Young v. Rice, 308 Ark. 593,826 S.W.2d 252 (1992), that:
 The fact that section § 25-19-105(b)(10) exempts disclosure of personnel records only when a clearly unwarranted personal privacy invasion would result, indicates that certain `warranted' privacy invasions will be tolerated. Thus, section § 25-19-105(b)(10) requires that the public's right to knowledge of the records be weighed against an individual's right to privacy. . . . Because section § 25-19-105(b)(10) allows warranted invasions of privacy, it follows that when the public's interest is substantial, it will usually outweigh any individual privacy interest and disclosure will be favored.
308 Ark. at 598.
In Young, the court upheld the denial of access to the names of police officers participating in the lieutenant promotion examination proceedings, but allowed release of the records of the examination with the names deleted. The court relied upon federal case law which finds a substantial privacy interest in records relating the intimate details of a person's life, including any information that might subject the person to embarrassment, harassment, disgrace, or loss of employment or friends. The court found that some of the actions of the police officers when taking the role-playing portion of the examination were "embarrassing behaviors" touching on intimate details of the candidates' lives, and the release of the information could subject them to embarrassment and perhaps threaten future employment. The court therefore found a substantial privacy interest in the records. The court also found a substantial public interest in the records, but concluded that the public's interest was satisfied by the release of the examination records with the candidates' names deleted.
Thus, under the test for the release of personnel records, the public right to knowledge of the records is weighed against the individual employee's right to privacy. Id. This office has previously concluded, with regard to questions involving the identity of employees (specifically the names and addresses of public employees) that although as a general matter this information is open to the public, there are certain public employees whose privacy interest is heightened because of the increased possibility of harm or harassment following release of their personnel records. See Op. Att'y Gen. 95-220 and 90-335. We have previously concluded in this regard that the names and addresses of prison guards or certain other employees of the Department of Correction might be shielded under the § 25-19-105(b)(10) "clearly unwarranted" exception. Op. Att'y Gen. 95-220. It is my opinion similarly, that any photograph the City maintains of you, and any information in your personnel file which could personally identify you should not be released. (I am aware, however, that the reporters in question already have your name). The release of such a photograph or other personally identifying information could subject you to harm or retaliation from persons who know your likeness but not your identity as an undercover officer. Your privacy interest in this record is also heightened by the fact that your service in the capacity of an undercover officer has been so recent. Although, admittedly, the public may have a significant interest in the records in question, in my opinion the potential for harm to you will tip the balance in favor of nondisclosure.
The conclusion that these records should not be released may also be supported by the exception for ongoing law enforcement investigations.See A.C.A. § 25-19-105(b)(6). It is possible that the release of your photograph or other identifying information could jeopardize pending investigations. Of course, this would be a fact question, but I can see the potential applicability of this exemption and the custodian of records should determine whether in fact it is applicable in this particular case.
There may be records in your personnel file which could be released without causing an unwarranted invasion of your personal privacy or jeopardizing pending criminal investigations. I have not been provided the records in question, and thus cannot determine specifically which records should be released and which should be shielded. This is a task the custodian must undertake. I have concluded, however, that any records or information which could personally identify you so as to cause you possible harm or retaliation related to your service as an undercover officer (such as a photograph) should not be released.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] It appears from the correspondence attached to your request that there may be two separate custodians with respect to the two separate requests for your records. One request — the request by theDemocrat-Gazette — has been responded to by the City of Little Rock's Office of Personnel, and the other request — the request by Channel 4 — has been responded to by the Little Rock Police Department.
[2] Factual questions may arise as to whether a particular record is in fact a "job performance record."